**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re

SABRIYE AKINCIBASI,

        Debtor.
_____

SABRIYE AKINCIBASI,

        Appellant,

vs.

S. GREGORY MOSCARITOLO,

        Appellee.
_____

Bankruptcy Case No. 3:04-bk-3844-3F3

Case No. 3:05-cv-365-J-32

**<u>ORDER</u>**

This case is before the Court on appellee's Motion to Dismiss Appeal (Doc. 6), in which appellee moves to dismiss this appeal on the ground that the appealed-from order is not a final order. Appellant has filed a response in opposition (Doc. 10).

On March 8, 2005, the Honorable Jerry A. Funk, United States Bankruptcy Judge, issued an Order sustaining one of four objections raised by appellant debtor to a secured claim brought by the appellee (the claimant in the bankruptcy proceedings). See Order, Doc. 1, Attachment 3. In disallowing the secured claim, the Order states that the entry of the Order is:    **without prejudice to Claimant filing an unsecured claim within ninety days of the date of this Order**.

Id. (emphasis added). The Bankruptcy Court also overruled the other three objections. Id.

On March 17, 2005, appellant filed a Notice of Appeal from the March 8, 2005 Order and on

June 9, 2005, she timely filed her initial brief, which states that the Court has jurisdiction over this appeal "pursuant to 28 U.S.C. §158(a), because the order which is the subject of this appeal is a final order." Doc. 5 at 1.

Pursuant to 28 U.S.C. §158(a), the district courts have jurisdiction to hear appeals "from final judgments, orders and decrees" issued by bankruptcy judges.[1]  "A final order in a bankruptcy proceeding is one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." Commodore Holdings, Inc. v. Exxon Mobil Corp., 331 F.3d 1257, 1259 (11th Cir. 2003) (citations and quotations omitted). "Although courts take a more liberal view of what constitutes a separate dispute for purposes of appeal in bankruptcy cases, the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985).

Here, the March 8, 2005 Order finally resolved one issue, which was whether the Bankruptcy Court would allow appellee's *secured* claim (and the answer to that question was "no"). No party, however, has appealed that issue. What appellant seeks here is review of a decision not yet made by the Bankruptcy Court- - whether it "erred in allowing Claim 6 of S. Gregory Moscaritolo as an *unsecured* claim." Appellant's Initial Brief (Doc. 5) at 1

---

[1] Interlocutory orders and decrees may also be appealable in certain circumstances under other subsections of 28 U.S.C. §158.  Appellant has not suggested that Judge Funk's March 8, 2005 Order is an interlocutory order and, in any event, the Court does not find that it would meet the criteria to be considered as one for purposes of this appeal.

(emphasis added).[2]  However, that issue has not yet been reached because no unsecured claim has yet been filed by appellee, Mr. Moscaritolo.  The March 8, 2005 Order granted appellee leave to bring an unsecured claim within ninety days.[3]  Unless and until appellee brings an unsecured claim, and unless and until appellant files objections to such claim and unless and until the Bankruptcy Court issues an Order overruling all of appellant's objections, the matter appellant seeks to address is not ripe for appellate review.  The Court therefore has no jurisdiction to review the March 8, 2005 Order.[4]  Accordingly, it is hereby

**ORDERED**:

Appellee's Motion to Dismiss (Doc. 6) is **GRANTED** and this appeal is dismissed for lack of jurisdiction.  The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of June, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

---

[2] As a second issue, appellant lists the question of whether the Bankruptcy Court erred in overruling, in part, her objections to the claim of appellee.  However, the Bankruptcy Court sustained one of appellant's objections and disallowed appellee's secured claim- - a decision which was favorable to appellant and of which no appeal has been taken.  The Court has no jurisdiction to render what would be an advisory opinion as to whether other grounds would have also supported a decision by the Bankruptcy Court to disallow the secured claim.

[3] In his motion, appellee states that although the ninety day period has now expired, the filing of this appeal divested the bankruptcy court of jurisdiction over the matter.  See Doc. 6 at n.1.

[4] The Court's review of the transcript of the March 2, 2005 hearing before Judge Funk supports this decision.

s.
Copies:

Honorable Jerry A. Funk
United States Bankruptcy Judge

counsel of record

Bankruptcy Court Clerk